☐ ORIGINAL

(Del. Rev.12/98)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

Tekoa L. Pearson

_____
(Name of Plaintiff or Plaintiffs)

v.

State of Delaware
Psychiatric Center
_____
(Name of Defendant or Defendants)

FILED
MAR 3 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

CIVIL ACTION No. 17C-2003-00014

05 - 123

## COMPLAINT UNDER TITLE VII

## OF THE CIVIL RIGHTS ACT OF 1964

1. This action is brought pursuant to *Title VII of the Civil Rights Act of 1964*, as amended, for **employment discrimination**. Jurisdiction exists by virtue of 42 U.S.C. §2000e-5. Equitable and other relief are also sought under 42 U.S.C. §2000e-5(g).

2. Plaintiff resides at  10 S. Lunenburg Dr.
   (Street Address)
   New Castle       De       19720
   (City)    (County)    (State)    (Zip Code)
   302-322 4032
   (Area Code) (Phone Number)

3. Defendant resides at, or its business is located at  1901 W. Dupont Hwy
   (Street Address)
   New Castle       De       19720
   (City)    (County)    (State)    (Zip Code)

4. The discriminatory conduct occurred in connection with plaintiff's employment at, or application to be employed at, defendant's  State of Delaware  place of business
   (Defendant's Name)
   located at  1901 N Dupont Hwy · Springer Bldg
   (Street Address)
   New Castle       De       19720
   (City)    (County)    (State)    (Zip Code)

5.  The alleged discriminatory acts occurred on _____, 10, 2002
    (Day) (Month) (Year)

6.  The alleged discriminatory practice  ○ is  ● is not continuing.

7.  Plaintiff filed charges with the Department of Labor of the State of Delaware,
    De Department of Labor - 40th Mkt. Wilm De 19801
    (Agency) (Street Address) (City)
    _____, regarding
    (County) (State) (Zip Code)
    defendant's alleged discriminatory conduct on 16, ~~10~~, ~~18~~, 2002
    (Day) (Month) (Year)

8.  Plaintiff filed charges with the Equal Employment opportunity Commission of the United States regarding defendant's alleged discriminatory conduct on: 1, 10, 2002
    (Day) (Month) (Year)

9.  The Equal Employment Opportunity Commission issued the attached Notice-of-Right-to-Sue letter which was received by plaintiff on: 30, 11, 2004
    (Day) (Month) (Year)

**(NOTE: ATTACH NOTICE-OF-RIGHT-TO-SUE LETTER TO THIS COMPLAINT.)**

10. The alleged discriminatory acts, in this suit, concern:
    A. ○ Failure to employ plaintiff.
    B. ○ Termination of plaintiff's employment.
    C. ● Failure to promote plaintiff.
    D. ○ Other acts (please specify below)

Failure to give a Fair opportunity - For a Lateral position. "Over see the work Flow". Two Interviews for same position. Younger employee with less than 6 months with Agency get the opportunity/promotion.

11. Defendant's conduct is discriminatory with respect to the following:
    A. ● Plaintiff's race
    B. ○ Plaintiff's color
    C. ○ Plaintiff's sex
    D. ○ Plaintiff's religion
    E. ○ Plaintiff's national origin

12. A copy of the charges filed with the Equal Employment Opportunity Commission is attached to this complaint and is submitted as a brief statement of the facts of plaintiff's claim.

13. If relief is not granted, plaintiffs will be irreparably denied rights secured by Title VII of the 1964 CivilRights Act, as amended.

14. Plaintiff's has no adequate remedy at law to redress the wrongs described above.

*THEREFORE*, **Plaintiff prays as follows: (Check appropriate letter(s))**

   A. ● That all fees, cost or security attendant to this litigation be hereby waived.
   B. ○ That the Court appoint legal counsel.
   C. ○ That the Court grant such relief as may be appropriate, including injunctive orders, damages, cost and attorney's fees.

**I declare under penalty of perjury that the foregoing is true and correct.**

Dated: 3/3/05

_____
(Signature of Plaintiff)

_____
(Signature of additional Plaintiff)



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Philadelphia District Office

21 South 5th Street - Suite 400
Philadelphia, PA 19106-2515
215-440-2600
FAX 215-440-2604
TTY 215-440-2610

Our Reference: Charge Number 17C-2003-00014 (formerly 17CA300014)
Pearson v. State of Delaware/Psychiatric Center

Ms. Tekoa L. Pearson
10 South Lunenburg Drive
New Castle, DE 19720

Dear Ms. Pearson:

The above-referenced charge has been filed with the Equal Employment Opportunity Commission ("EEOC") under both Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and the Age Discrimination in Employment Act of 1967, as amended ("ADEA").

As explained in the enclosed letter, the EEOC has fowarded to the U. S. Department of Justice your request for a Notice of Right-to-Sue with respect to its processing of the Title VII portion of the charge. Consistent with its normal practice in such cases, the EEOC will also discontinue its processing of the ADEA portion of the charge.

The rights of a Charging Party to file a private civil action under Title VII will be explained in the Notice of Right-to-Sue.

You are reminded that, if you wish to file suit under the ADEA, you may do so without any Notice from the EEOC. **However, the rights of a Charging Party to file a private civil action under the ADEA against a State employer (as explained more completely in the enclosed materials) have been severely limited by a recent decision of the U. S. Supreme Court.** The fact that the EEOC will take no further action does not affect your rights to take legal action on your own behalf under the ADEA.

**If you filed your charge within 300 days of the date of harm, you may file a lawsuit (subject to the limitations explained in the enclosed materials) within 90 days of the date you receive this letter. Once 90 days have passed from your receipt of this letter, your right to sue is lost.**

If you have any questions, please contact Stanford Lamb, Investigator, at 215-440-2617.

Sincerely,

*William D. Cook*

___November 30, 2004___
Date

William D. Cook
Enforcement Manager

Enclosure

cc: State of Delaware/Psychiatric Hospital

# CHARGE OF DISCRIMINATION

ENTER CHARGE NUMBER: 0210654

☐ FEPA 0210654
☐ EEOC 17CA300014    17CA300014

This form is affected by the Privacy Act of 1974

**Delaware Department of Labor** and **EEOC**
(State, or local Agency, if any)

**NAME** (Indicate Mr., Mrs., Ms): Ms. Tekoa L. Pearson
**HOME TELEPHONE NO.** (Include Area Code): 302-322-4032
**STREET ADDRESS**: 10 South Lunenburg Drive
**CITY, STATE AND ZIP CODE**: New Castle DE 19720
**COUNTY**: NCC

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one, list below.)

**NAME**: State of DE/ Delaware Psychiatric Center
**NO. OF EMPLOYEES OR MEMBERS**: 100+
**TELEPHONE NUMBER** (Incl. Area Code): 302-255-2700
**STREET ADDRESS**: 1901 North Dupont Highway, Springer 4

☒ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN ☒ AGE
☐ RETALIATION ☐ DISABILITY ☐ OTHER (Specify)

**DATE DISCRIMINATION TOOK PLACE**
EARLIEST 9/6/2002
LATEST 9/6/2002
☒ CONTINUING ACTION

**THE PARTICULARS ARE** (If additional space is needed, attached extra sheet(s)):

I. I am a black female who is employed by Respondent as a Account Specialist. I am an individual over the age of forty-five (45). I began my employment with Respondent in May 1999. I have been subjected to unfair treatment regards to terms and conditions of employment with regards to promotions/transfers. On January 16, 2002, I emailed Tammy Pugh, Administrator (white female), William Peterson, Administrator (white male), Michael Talmo, Director (white male), Mike Rushlow, Human Resource (white male) and addressed my concerns of transfering or not being given the opportunity to take a ladderal position. On 04/15/02, I emailed Michael Talmo, Director and Faith Morris, Union Representative to express concerns about the opportunity. once again, to transfer or move to a ladderal position, no remedial action was taken. On September 06, 2002, I interviewed with Melanie Lasana, Senior Fiscal Officer (white female) and Melissa Romay, Support Service Administrator (Hispanic), for the position Senior Accountant. Respondent hired Carrie Erickson (24 years old, white female). I complained to the Human Relations Board and Delaware Health and Social Services to inform them of discriminatory practices. These punitive acions taken against me, which includes lack of promotions/transfer request, are emblematic of the continual systematic discriminatory practices perpetrated upon similarly-situated individuals of my race, while Melaine Lasana, shows favortism to my white co-workers, such as Carrie Erickson. They are not denied promotions or transfers.
I. Respondent explanations was that I needed to have more skills in excel large spreadsheets.
II. I believe I have been discriminated against in violation of Tilte VII of the Civil Rights Act of 1964, as amended, and the Delaware Discrimination in Employment Act, and the Age Discrimination in Employment Act (ADEA), because: Since 05/99, I have applied for several positions, for which I was interviewed for, but have continuously been overlooked. However, Respondent has hired individuals who are less qualified and also have less seniority. I have followed all appropriate channels through Human Resources to make sure I have been on the Certification List and although I have been interviewed from that list, by my current employer, I have not been given the same opportunity to advance as my white co-worker Carrie Erickson (24 years old white female.) Respondent is aware that I have used spreadsheets for 3 years and I apply this task to my current position on an everday basis.

☒ I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

**SIGNATURE OF COMPLAINANT**

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

October 1, 2002    /s/ Tekoa L Pearson
Date    Charging Party (Signature)

**NOTARY** - (When necessary to meet State and Local Requirements)

Subscribed and sworn to before me this date    (Day, month, and year)

## EEOC AFFIDAVIT

| ge #: | Date: 10/01/02 |
|---|---|

### Charging Party Information

Name:      Ms. Tekoa L. Pearson

| Street: 10 South Lunenburg Drive | City:    New Castle |
|---|---|
| County: NCC    State: DE | Zip:     19720 |
| Tel (H): 302-322-4032 | Tel (W): 302-255-2863 |
| DOB:    -54    Sex: Female | Race:    black |
| Nat'l Origin: U.S. | SSN:     -1354 |

### Contact Person

Name:   same as above
Tel (H):                                     Tel (W):
Address:

### Employment Information

Date of Hire: 05/98
Date of Termination: current
Date of Alleged Violation: 09/06/02
Relief Sought: promotion, reassignment
Check One: ☒ working   ☐ not working   ☐ sought employment at

### Respondent Information

Name:    State of DE/ Delaware Psychiatric Center
Address: 1901 North Dupont Highway, Springer 4
Type of Business: Hospital
Size of Business: 100+

### Basic Charge Data

| Receiving Office: 17C | Intake Unit: 1 |
|---|---|
| Accountable Office: 17C | Intake Officer: sm |
| Initial Inquiry: 09/23/02 | Respondent Type: E |
| Received this Office: 10/01/02 | County: 003 |
| Source of Complaint: A | SMSA: 9160 |
| Federal Referral Transfer: | SIC: 806 |
| Alleged Basis: RB,OA | Federal Agency: |
| | Alleged Issues: P3,Q1,S3,T4 |



STATE OF DELAWARE
DEPARTMENT OF LABOR
DIVISION OF INDUSTRIAL AFFAIRS
4425 NORTH MARKET STREET
WILMINGTON, DELAWARE 19802

TELEPHONE (302) 761-8200
FAX (302) 761-6601

## NOTICE OF DISMISSAL

RE: Pearson v. State of DE/Dept of Health & Soc Svcs/DE Psychiatric Center        State Case No. 0303934

On March 6, 2003 Ms. Tekoa Pearson filed a charge of discrimination against Delaware Psychiatric Center (DPC). . The Charge of Discrimination is hereby incorporated by reference.

No Reasonable Cause Finding

On January 30, 2004, the Department of Labor concluded its investigation and now finds, based on the following facts, that there is no reasonable cause to believe that a violation of the State Discrimination Act has occurred.

I.    Undisputed Facts:

1. Charging Party is a black individual over age 40 .
2. Charging Party began employment in State service as an Account Technician (grade 6) in 1994.
3. In May 1998 Charging Party was transferred to Respondent's as an Account Technician until the position was upgraded to an Account Specialist (grade 8) on July 1, 1999. Charging Party was the only minority employee in her area which as of May 2002 consisted of Senior Financial Administrative Officer, two Account Specialists and a Casual/Seasonal employee as well as the vacant positions of Senior Accountant and Account Specialist.
4. In early2002 Charging Party applied for a lateral transfer and in fall 2002 applied for a promotion. In both cases the successful applicant was the same substantially younger white female whose hire date was July 2002 and whom Charging Party had helped to train. Charging Party complained about not getting work opportunities.
5. On October 1, 2002 Charging Party filed a charge of racial and age discrimination against Respondent with the Delaware Department of Labor.
6. On or about April 1, 2003 Respondent transferred Charging Party to the Central Office.

II.   Disputed Facts:

1. Charging Party alleges Respondent retaliated against her and involuntarily transferred her because she filed a charge of discrimination against Respondent..
2. Respondent alleges Charging Party's position was moved for legitimate, business-related, non-discriminatory reasons.

III.  Resolution of Material Facts in Dispute:

1. In January 2003, Central Office staff began processing DPC payment vouchers because DPC was backlogged. Management decided to move the DPC accounts payable function to Central Office as of April 1, 2003.
2. On February 25, 2003 management informed Charging Party that she and a vacant Account Specialist position along with existing accounts would be moved to the Central Office. This move was to facilitate the timely processing of DPC accounts payable function in light of a backlog and staff vacancies.

Pearson v. State of DE/ DHSS/DPC
January 30, 2004
Page Two

    3. Prior to Charging Party being transferred, four accounts payable positions from Community Mental Health had been physically relocated to the Central Office.
    4. Some 15 persons make up the Central Office staff.

IV.    Resolution:

    Charging Party has not met her burden of proof showing that she suffered an adverse action by Respondent due to retaliation.

The Charge of Discrimination, State Case No. 0303934 is hereby Dismissed pursuant to 19 *Del. C.* Section 712(b). There is no statutory right of appeal of the Department's No Cause Dismissal. Since this decision ends the administrative process, you may have a right of judicial review under default principles of law in the Court of Chancery. See Holland v. Zarif, 794 A. 2d 1254 (Ch. Ct. 2002).

01/30/04
DATE

STEPHEN J. WILLIS, LLEO

01/30/04
DATE

JULIE CUTLER
LABOR LAW ENFORCEMENT SUPERVISOR